**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LEONARD HARGROVE, on Behalf of** | § | |
| **Himself and on Behalf of All Others** | § | |
| **Similarly Situated** | § | **CIVIL ACTION NO. 5:21-cv-606-XR** |
| | § | |
| **Plaintiff(s),** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **STEVENS TANKER DIVISION, LLC** | § | **JURY TRIAL DEMANDED** |
| **and STEVENS TRANSPORT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT**

Plaintiff Leonard Hargrove, on behalf of himself and on behalf of all others similarly situated, ("Plaintiff") and Defendants Stevens Tanker Division, LLC and Stevens Transport, Inc. ("Defendants") file this Joint Motion for Approval of Confidential Settlement and would respectfully show the Court the following:

**I.      INTRODUCTION**

Plaintiff and Defendants have reached a confidential settlement of the pending dispute concerning unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA").  The confidential settlement agreement ("Settlement Agreement") provides a former employee who was alleged to have not been paid at the correct overtime rate compensation for his unpaid overtime claims.  On June 24, 2021, Plaintiff Leonard Hargrove filed this collective action lawsuit.  The central allegation was that Defendants misclassified Plaintiff as exempt from overtime and failed to pay him at the rate of one and a half times his regular rate of pay for all hours worked over forty.  (Doc. 1).

1

Plaintiff's claims are subject to the Parties' arbitration agreement, which contains an enforceable class action/collective action waiver. Accordingly, on September 13, 2021, the Parties filed a Joint to Motion to Stay Pending Individual Bilateral Arbitration. (Doc. 7). On September 13, 2021, the Court ordered the case stayed pending individual bilateral arbitration. (Doc. 9).

The Parties then engaged in extensive settlement talks. The Parties discussed the strengths and weaknesses of Plaintiff's claims, Defendants' defenses, and the damages that could be available should Plaintiff prevail. Fortunately, the Parties reached a settlement. The Settlement Agreement at issue resolves the claims of the Plaintiff. The final terms of the Settlement Agreement are reflected in Exhibit "1" to the Joint Motion to File Confidential Settlement Agreement Under Seal which has been filed contemporaneously with this motion.

## II.    ARGUMENTS AND AUTHORITIES

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit).

Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Food*, 679 F.2d at 1354.

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1353, 1355. The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).

The Parties agree that the settlement is fair and represents a reasonable compromise of the disputed issues in this case.

## A.    The terms of the settlement provide for substantial compensation for the claims raised in the lawsuit.

The Parties' settlement is fair and reasonable and provides fair compensation to the Plaintiff.  The damages that were calculated were based upon the dates worked by Plaintiff and the amount paid to Plaintiff.  The Parties then calculated the overtime rate and determined the difference between the amount that was paid by Defendants and the amount that Plaintiff claims should have been paid.  The amount owed during the statutory period was calculated for Plaintiff for each week that he worked during the statutory period. The settlement is fair and reasonable because the amount is greater than the amount Plaintiff may have recovered during litigation.

The recovery reached in the Settlement Agreement is also significant given that the Parties disagreed over the merits of the case.  Plaintiff's schedule required him to work twelve hours per

day, seven days in a row. Plaintiff would then be off for the next week. So, Plaintiff worked 84 hours every other week. Plaintiff argued that the fluctuating workweek method should not apply and that the Plaintiff was owed the full time and a half pay for all hours worked over forty. Defendants argued that the fluctuating workweek method should apply because, among other reasons, Plaintiff sometimes worked additional hours during his "off" week and therefore he did not have a set schedule.  Under this method, the Plaintiff would only be owed the additional half-time pay for the hours over forty. Therefore, Plaintiff's calculation was thus much higher than Defendants'. Further, the Parties disagreed as to whether the Defendants had violated the WARN Act. The Parties also disagreed as to whether Defendants acted with good faith and reasonableness and, consequently, the extent to which liquidated damages could be awarded in the case.

Due to the directly conflicting factual allegations and differing views on the applicable law, the Parties believe that the amounts reflected in the Settlement Agreement are in the best interest of the Plaintiff.

More importantly, the settlement allows the Parties to resolve the claims at issue without the necessity or delay of an arbitration hearing.  In exchange for this payment, the Plaintiff has agreed to release Defendants from any and all claims he may have.

**B.      The settlement is fair and reasonable in light of the uncertainty of the outcome.**

The proposed Settlement Agreement is fair to the Plaintiff because it provides for a settlement for the Plaintiff with damages calculated based upon his dates of employment, hours worked, and total pay.

**C.      The attorneys' fees sought are fair and reasonable.**

Additionally, the amount sought by Plaintiff's counsel for attorneys' fees is fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).  Plaintiff's Counsel investigated the claims, analyzed pay data, managed communication with Plaintiff, and performed other work that resulted in a settlement. Plaintiff's Counsel has devoted over forty-eight hours pursing Plaintiff's claim. The amount Plaintiff's Counsel is seeking for attorney's fees owed under its contingency fee agreement is significantly less than what would be owed under a lodestar calculation.

Also, the attorneys' fees requested by Plaintiff's counsel should not be altered because counsel efficiently resolved this case rather than prolonging the litigation and increasing the potential fees.  As the Manual for Complex Litigation recognizes, "one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." Manual for Complex Litigation (4th) § 14.121.  Had this case not settled, Plaintiff's counsel would have vigorously litigated the case without any promise of success and compensation.  At every step of the litigation, Defendants could have succeeded.  Therefore, the Plaintiff was at risk of non-payment.  This risk of non-payment strongly supports the amount requested here.

**D.      The settlement should be approved by the Court.**

The terms of the settlement have been approved by Plaintiff, his counsel, Defendants, and Defendants' counsel.  The settlement was negotiated at arms' length by experienced counsel.  The Parties entered into the Settlement Agreement voluntarily and knowingly.  The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. &*

5

*Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Moreover, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the Settlement Agreement and the scope of the release. The settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

Ultimately, there can be no question that this Settlement Agreement represents fair value for Plaintiff.

### III.    CONCLUSION

The terms of the settlement have been approved by Plaintiff, his counsel, Defendants, and Defendants' counsel.  The settlement was negotiated at arms' length by experienced counsel. The Parties entered into the Settlement Agreement voluntarily and knowingly.  The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, the Parties jointly request that the Court approve the FLSA settlement.

For the foregoing reasons, the Parties respectfully request that the Court enter an order approving the Parties' Settlement Agreement. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

HODGES & FOTY, L.L.P.


By:  /s/ Jerry W. Mason
Don J. Foty
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
Jerry W. Mason
jmason@hftrialfirm.com
Texas State Bar No. 24081794
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

*Attorneys for Plaintiff and Class Members*

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Gavin S. Martinson
Gavin S. Martinson
gavin.martinson@ogletreedeakins.com
Texas Bar No. 24060231
Adam D. Courtin
Texas Bar No. 24053153
adam.courtin@ogletreedeakins.com
112 East Pecan Street, Suite 2700
San Antonio, TX 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been filed with the Court's electronic case filing system on March 7, 2022 which will forward a copy to Defendants' counsel.


/s/ Jerry W. Mason
Jerry W. Mason