IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEONARD HARGROVE, ON BEHALF<br>OF HIMSELF AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiff*<br><br>-vs-<br><br>STEVENS TANKER DIVISION, LLC,<br>STEVENS TRANSPORT, INC.,<br>*Defendants* | §<br>§<br>§     SA-21-CV-00606-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER APPROVING SETTLEMENT

On this date, the Court considered the Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice (ECF No. 14). After careful consideration, the Court hereby **GRANTS** the parties' motion.

### BACKGROUND

Plaintiff Leonard Hargrove, proceeding on a collective basis, filed this action against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA") for failure to pay overtime compensation. Defendants deny that they violated the FLSA.

Plaintiff's claims are subject to the parties' arbitration agreement, which contains an enforceable class action/collective action waiver. Accordingly, the parties filed a Joint to Motion to Stay Pending Individual Bilateral Arbitration, which was granted on September 13, 2021. *See* ECF Nos. 7, 9. The parties then engaged in extensive settlement talks. The Parties discussed the strengths and weaknesses of Plaintiff's claims, Defendants' defenses, and the damages that could be available should Plaintiff prevail. The parties have settled and now ask the Court to approve the confidential settlement agreement.

## ANALYSIS

**A.     FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

**B.     Bona Fide Dispute**

The pleadings indicate that there is a dispute as to liability and amount, as well as whether or not Plaintiff is exempt from the overtime provisions. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000).

Plaintiff's schedule required him to work twelve hours per day, seven days in a row, followed by a week off. Accordingly, Plaintiff worked 84 hours every other week. Plaintiff argued that the fluctuating workweek method should not apply and that he was owed time and a half pay for all hours worked over forty. Defendants argued that the fluctuating workweek method should apply because, among other reasons, Plaintiff sometimes worked additional hours during his "off" week and therefore he did not have a set schedule. Under this method, the Plaintiff would only be owed the additional halftime pay for the hours over forty. Further, the Parties disagreed as to whether the Defendants had violated the WARN Act. The Parties also disagreed as to whether Defendants acted with good faith and reasonableness and, consequently, the extent to which liquidated damages could be awarded in the case.

The Court concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

C.  **Fair and Reasonable Resolution**

The Court has reviewed the terms of the confidential settlement agreement, including the award of attorneys' fees, and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Motion (ECF No. 14) is **GRANTED**, the settlement is **APPROVED**, and the claims of Plaintiffs Leonard Hargrove are hereby **DISMISSED WITH PREJUDICE**. This case is **CLOSED**, with each party bearing its own costs.

It is so **ORDERED**.

SIGNED this 8th day of March, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE